**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

FILED
RICHARD W. NAGEL
CLERK OF COURT

OCT 17 2024 10:28 A

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO.** |
| Plaintiff, | **JUDGE** |
| v. | **INDICTMENT** |
| **JACOB VATTER,** | 18 U.S.C. § 922(o)(1) |
| Defendant. | 18 U.S.C. § 924(a) |
| | 21 U.S.C. § 841(a)(1) |
| | 21 U.S.C. § 841(b)(1)(A) |
| | 21 U.S.C. § 841(b)(1)(B) |
| | 21 U.S.C. § 846 |
| | **FORFEITURE ALLEGATIONS** |

**THE GRAND JURY CHARGES:**

**COUNT ONE**
(Conspiracy to Distribute and Possess with Intent to Distribute Fentanyl)

From in or about February 2023, and continuing to on or about March 26, 2024, in the Southern District of Ohio, the defendant, **JACOB VATTER**, did knowingly, intentionally and unlawfully combine, conspire, confederate, and agree with other individuals, both known and unknown to the Grand Jury, to distribute and to possess with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly referred to as fentanyl, a Schedule II controlled substance.

**In violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(vi).**

**COUNT TWO**
(Possession with Intent to Distribute Fentanyl)

On or about February 3, 2023, in the Southern District of Ohio, the defendant, **JACOB VATTER,** did knowingly, intentionally and unlawfully possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-

1

phenylethyl)-4-piperidinyl] propanamide, commonly referred to as fentanyl, a Schedule II controlled substance.

**In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi).**

## COUNT THREE
(Possession with Intent to Distribute Fentanyl)

On or about March 26, 2024, in the Southern District of Ohio, the defendant, **JACOB VATTER,** did knowingly, intentionally and unlawfully possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly referred to as fentanyl, a Schedule II controlled substance.

**In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi).**

## COUNT FOUR
(Possession of a Machinegun)

On or about February 3, 2023, in the Southern District of Ohio, the defendant, **JACOB VATTER,** did knowingly possess a machinegun, that is, a Glock 23 Gen 4 40 S&W caliber pistol, bearing serial number RFK575, with an attached auto conversion device, commonly referred to as a "switch," which is a part or combination of parts designed and intended for use in converting a weapon into a machinegun.

**In violation of 18 U.S.C. §§ 922(o)(1) and 924(a).**

## FORFEITURE ALLEGATION ONE

Upon conviction of one or more of the offenses set forth in Counts One through Three of this Indictment, the defendant, **JACOB VATTER**, shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), (1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation(s), and (2) any property used, or intended to be used, in

any manner or part, to commit, or to facilitate the commission of, such violation(s) including, but not limited to, the following property seized during the investigation in this case:

a. An FNMI FN57 5.7 caliber pistol, serial number 386257387, and all associated magazines and ammunition;

b. A Glock 23 Gen 4 40 S&W caliber pistol, serial number RFK575, with an attached auto conversion device, all associated magazines, and ammunition;

c. A Glock 19 9mm pistol, serial number BVHK077, and all associated magazines and ammunition;

d. A Grey Ghost Precision CP 9mm pistol, serial number GGC4627, and all associated magazines and ammunition;

e. A Glock 22 .40 caliber pistol, serial number NYK036, and all associated magazines and ammunition;

f. A Glock 43X 9mm pistol, serial number BLW982, and all associated magazines and ammunition;

g. A Llama Parabellum 9mm pistol, serial number B81151, and all associated magazines and ammunition;

h. A Keltec RDB pistol, serial number Z2E81, and all associated magazines and ammunition;

i. A Remington 700 rifle, serial number RR53293E, and all associated magazines and ammunition;

j. A CZ Scorpion 9mm pistol, serial number C805516, and all associated magazines and ammunition;

k. A FNH PS90 5.7 caliber pistol, serial number FN137543, and all associated magazines and ammunition;

l. An Anderson Manufacturing AM-15 rifle, serial number 15079944, and all associated magazines and ammunition;

m. A Glock 27 .40 caliber pistol, serial number ETH977US, and all associated magazines and ammunition;

n. A Harrington Richardson Topper 158 20-gauge shotgun, serial number AJ202763, and all associated magazines and ammunition;

o. A Savage Arms 9478 12-gauge shotgun, serial number C838480, and all associated magazines and ammunition;

p. A Taurus 62LA .22 caliber rifle, serial number ZK2407, and all associated magazines and ammunition;

q. A Sharps Brothers Overthrow rifle, serial number 004867, and all associated magazines and ammunition;

r. A Llama .32 caliber revolver, serial number 684698, and all associated magazines and ammunition;

s. An illegal suppressor;

t. Multiple high capacity magazines;

u. Extra Ammunition; and

v. Approximately $3,234 in United States currency.

## FORFEITURE ALLEGATION TWO

Upon conviction of one or more of the offenses set forth in Counts One through Four of this Indictment, the defendant, **JACOB VATTER**, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in such violation(s) including, but not limited to, the firearms and ammunition listed in Forfeiture Allegation One.

## SUBSTITUTE ASSETS

If any of the property described in Forfeiture Allegations One and Two, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

4

e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) or as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant, up to the value of the property described above.

**Forfeiture notice in accordance with 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), 21 U.S.C. § 853(a)(1) and (2), and Rule 32.2 of the Federal Rules of Criminal Procedure.**

**A TRUE BILL.**

*s/Foreperson*

_____
**FOREPERSON**


**KENNETH L. PARKER**
**United States Attorney**

_____
**NICOLE PAKIZ (0096242)**
**Assistant United States Attorney**

_____
**JENNIFER M. RAUSCH (0075138)**
**Assistant United States Attorney**

5